| .DOWNING, J.
William G. Thompson is currently incarcerated on a forgery conviction. Thompson appeals a judgment affirming the Department of Public Safety & Correction’s (“Department”) decision to deny his request to be evaluated by the Risk Review Panel. The judgment also dismissed Thompson’s claims for declaratory relief. For the following reasons, we affirm the judgment.
In 2001 the legislature enacted La. R.S. 15:574.22 authorized a “Parole Risk Assessment Pilot Program” and the creation of up to three “Risk Review Panels.”
Louisiana Revised Statute 15:574.22(G) provides, in pertinent part:
G. The panel shall have the duty to evaluate the risk of danger to society which each person who has been convicted of a crime not defined or enumerated as a crime of violence in R.S. 14:2(13), and who is confined in a prison facility of any kind, .... (Emphasis added.)
After the statute went into effect, the following notice was posted at Angola, the prison where Thompson is incarcerated.
NOTICE
TO : Inmates Housed In a State Correctional Facility
FROM: Richard Stalder, Secretary of the Department
DATE: October 1, 2001
RE : Louisiana Risk Review Panels
Recent legislation created Risk Review Panels. These panels have the duty to evaluate the risk of danger to society that an inmate may present if released from prison. Following review, a panel may recommend |sthat the inmate be considered for clemency by the Pardon Board or the panel may recommend that the inmate be considered for parole by the Parole Board. This notice and attachments will explain the process by which you may be eligible to apply to for consideration. The following procedures should be followed:
1) You may apply at this time if you are serving a sentence for a crime listed on attachment # 1 and, where applicable, you have served more than the time shown. If you are currently serving a sentence for any crime other than those listed do not apply for consideration at this time. If you are currently sentenced for a crime listed on Attachment # 1 and are also serving a sentence for a more serious offense that is not listed do not apply.
2) Attachment #2 is the Risk Review Application. The form lists the reasons why your application may be automatically disqualified. Read the application and if you believe you are eligible to be considered, complete the application and mail it to the address shown on the form.
Attachment # 1 contains twenty-seven various crimes that were being considered for review at the time. These listed crimes consist of offenses including, among others, Criminal damage to a pipeline facility (14:56.2(D), Bribery of voters (14:119), Illegal possession of stolen firearms — 2nd offense (14:69.1(B)(2), to Possession of Schedule V Drugs (40:970(C).
Attachment # 2 is a Risk Review Panel application. The bottom of the application lists numerous reasons to be checked off as to why the application for review may *738 be returned to the inmate without action. The last reason is because the applicant was not convicted of a crime listed on the current Risk Review Eligibility List.
|/Thompson’s application for review was returned unprocessed because he was serving time on a forgery conviction. Forgery is not one of the crimes listed on Attachment # 1, and therefore not a crime that is currently being reviewed by the Risk Review Panel. Thompson sought judicial review in the 19th Judicial District Court alleging the violation of numerous constitutional rights including due process, discrimination, and equal protection.
The matter came on for judicial review by the 19th Judicial District Court and the Department’s decision was upheld. The District Court found that the Department’s decision denying Thompson’s eligibility to be reviewed by the Risk Review Panel was not arbitrary, capricious or manifestly erroneous.
The sole issue on this appeal is whether the trial court erred in concluding that the Department was not arbitrary and capricious or abuse its discretion by not reviewing Thompson’s claim at the time he wanted it reviewed.
We agree with Thompson that the statute, La. R.S. 15:574.22(G) clearly mandates that the panel “shall have a duty to evaluate ... each person who has been convicted of a crime not defined or enumerated as a crime of violence.” We also acknowledge that Attachment # 1 does not list every enumerated non-violent crime or even prioritize a list of the crimes that will be considered at this time. But, while the statute clearly states every person convicted of a non-violent crime must be reviewed, it does not mandate the priority or manner in which the review must be accomplished.
Another notice was posted at the prison facility shortly after the first one announcing the review panel’s enactment. This notice, dated, October 8, 2001, explains the criteria for the first priority selection and clarifies that |Bthe Department is in the process of developing the rules and procedures by which inmates may apply for consideration by the panel in its review of other crimes.
On October 31, 2001, a revised notice was posted expanding the eligibility list to include first or second offenders serving a sentence for low-level property crimes.
Louisiana Revised Statute 15:574.22(H)(1) directs the Department’s review process and provides:
H. The Secretary of the Department ... shall adopt and promulgate rules, regulations, and procedures under which the panels 'shall perform their duties. The rules, regulations, and procedures shall include, but shall not be limited to, the following:
(1) The requirements necessary for a convicted person to apply and to be considered for risk review, the type of crime committed, the age of the convicted person, the time served in confinement, the prison record of the convicted person, the damage or injury occasioned by the crime committed, any resources available to the person in the event of release, and any other criteria or information which the panel may deem advisable or helpful in the performance of its duty.
(Emphasis added.)
This statute makes it clear that the Department has the authority to establish “procedures under which the panels shall perform their duties.” It stands to reason that the panels would be unable to evaluate every eligible |ficandidate at one time. Thus, it is reasonable to set up some sort *739 of procedure to prioritize the manner in which it reviews the applicants.
Accordingly, Thompson has failed to show that the Department’s decision was arbitrary and capricious or manifestly erroneous.
This assignment of error lacks merit. The Department has the authority pursuant to La. R.S. 15:574.22(H)(1), to prioritize how and when these panels will evaluate applicants. Accordingly, the decision of the district court is affirmed.
DECREE
For the above reasons, the judgment of the 19th Judicial District Court upholding the Department of Correction’s decision is affirmed. The costs of this appeal are assessed against the appellant, William G. Thompson.
AFFIRMED.